# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| EASTPOINT PROSTHETICS AND ORTHOTICS, INC., ) ) | Case No. 1:25-cv-685 |
| ) | Judge J. Philip Calabrese |
| Plaintiff, ) ) | |
| ) | Magistrate Judge |
| v. ) | Reuben J. Sheperd |
| ) | |
| JACQUELINE P. BAILEY, *et al.*, ) ) | |
| Defendants. ) ) | |

## OPINION AND ORDER

Plaintiff Eastpoint Prosthetics and Orthotics, Inc. seeks leave to file under seal four exhibits to its verified complaint. It represents that these documents contain confidential, personal medical, insurance, and identification information. For the following reasons, the Court **GRANTS** the motion.

## LEGAL STANDARD

Although the Sixth Circuit reviews a district court's decision to seal court records for an abuse of discretion, it does not accord that standard's usual deference "in light of the important rights involved" in sealing. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016) (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)) (cleaned up). To avoid abusing its discretion, the district court must "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

The Court bears an independent obligation to explain the basis for sealing court records, and that obligation exists regardless of any agreement or disagreement among the parties about sealing the records. *See Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016). Taking up this independent obligation, district courts must weigh the public's strong interest in "obtaining the information contained in the court record" against the parties' interest in keeping that information confidential. *Shane Grp.*, 825 F.3d at 305 (citation and quotation omitted).

"The courts have long recognized . . . 'a strong presumption in favor of openness' to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 701 F.2d at 1179). Overcoming this presumption is not easy; "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp.*, 825 F.3d at 305 (quoting *Knoxville News-Sentinel Co.*, 723 F.2d at 476). The greater the public interest, the greater the burden to justify sealing. *See id.*

To demonstrate that a seal is necessary, the party seeking confidentiality must provide a "compelling reason why certain documents or portions thereof should be sealed." *Id.* at 305 (citation and quotation omitted). Further, the "seal itself must be narrowly tailored to serve that reason." *Id.* Accordingly, the movant must "analyze, in detail, document by document, the propriety of secrecy, providing reasons and legal citations" that support sealing. *Id.* at 305–06 (citation and quotation omitted). It is then incumbent on the Court to review each document and the legal rationales the parties offer, and "set forth specific findings and conclusions 'which justify

nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). In civil litigation, the most common categories of information that overcome this presumption include "trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to remain in confidence (such as the name of a minor victim of a sexual assault)." *Id.* at 308.

## DISCUSSION

On April 7, 2025, Plaintiff filed a verified complaint alleging misappropriation of trade secrets, breach of contract, breach of the duty of loyalty, and tortious interference with business relationships. (ECF No. 1.) Plaintiff is an orthotic and prosthetic business providing direct service to patients. Defendants are former employees of Plaintiff. In support of its complaint, Plaintiff seeks to file certain exhibits that include "full prescription reports, patient appointment records, recall reports, detailed billing data, and device data." (ECF No. 2, PageID #74.) Because they contain "confidential, personal medical, insurance, and identification information," Plaintiff moves to file these four exhibits under seal. (*Id.*)

As represented and as made clear from the paragraphs of the verified complaint referencing the four exhibits, the documents in question implicate non-party patients' privacy interests in their confidential medical and financial information. At the same time, the interest of ensuring nonparties' access to this information is significantly less than in *Shane Group*, which involved the sealing of information necessary for unnamed class members to evaluate a class action settlement that bound them. *Shane Grp.*, 825 F.3d at 302. Given the nature of

Plaintiff's interest in maintaining the privacy of this information and the absence of interested nonparties, the merits of sealing the filing outweigh the public's interest, if any, in making public the sensitive information of non-party patients. *See Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001). Sealing these four (out of ten) exhibits to the verified complaint is narrowly tailored to protect privacy interests while serving the public interest in access to judicial records.

## CONCLUSION

For the foregoing reasons, the Court finds that the interest in sealing Exhibits 5, 8, 9, and 10 to Plaintiff's verified complaint outweighs the public's interest in accessing the records. Accordingly, the Court **GRANTS** Plaintiff's motion to file those exhibits under seal (ECF No. 2). Pursuant to Local Rule 5.2 and this Order, the Court **ORDERS** Plaintiff to file these exhibits under seal forthwith. Further, to facilitate the parties' reference to and citation of documents filed under seal, the Court **ORDERS** that counsel only shall have access to these sealed filings.

**SO ORDERED.**

Dated: April 8, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio

4